# COURT OF APPEALS

OF

# NORTH CAROLINA

AT

# RALEIGH

---

## STATE OF NORTH CAROLINA v. JAMES DEXTER DEESE

No. 7416SC276

(Filed 5 June 1974)

**Automobiles § 113— manslaughter — sufficiency of evidence**

Evidence in a manslaughter case was insufficient to be submitted to the jury where it tended to show that defendant drove his vehicle in a culpably negligent manner, but it did not show that decedent's death was connected in any way with the manner in which defendant operated his automobile.

APPEAL by defendant from *McKinnon, Judge,* 13 November 1973 Session of Superior Court held in ROBESON County. Argued in the Court of Appeals 8 May 1974.

Defendant was charged in a bill of indictment with the felony of manslaughter. From a verdict of guilty, and judgment of imprisonment entered thereon, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General League, for the State.*

*C. Christopher Smith for the defendant.*

BROCK, Chief Judge.

The only evidence in this case is that offered by the State. The theory of the State's case is that defendant was culpably

1

negligent in the operation of his automobile. Presumably, the further theory of the State's case is that defendant's culpable negligence was in some manner the proximate cause of the death of Claudie D. Lowery. It appears that the evidence makes out a case of culpable negligence against defendant in the operation of his automobile, but we are unable to find from the evidence that decedent's death is connected in any way with the manner in which defendant operated his automobile.

The State's evidence tends to show that defendant was observed as he got into his Ford Maverick on the driver's side and drove away from a service station. The record is silent as to whether anyone was in defendant's automobile other than defendant. Defendant was observed driving away from the service station, accelerating to a high speed, and disappearing around a curve in the highway. The evidence tends to show that the curve was to the right in the direction in which defendant was traveling. From testimony describing skid marks, the evidence tends to show that defendant's Ford Maverick ran off the left side of the paved portion of the road, pulled back into the paved portion and then off the right side of the paved portion, ran into a tree, and came to rest against or near the back end of a Ford Mustang. A Volkswagen was twenty to twenty-five feet in front of, and almost broadside to, the Ford Mustang. The witness who observed defendant drive away from the service station almost immediately proceeded in the same direction and, after he rounded the curve, came upon the scene of defendant's wrecked automobile. The deceased was found lying against the right front wheel of the Volkswagen.

The record is silent upon the question of whether the Ford Mustang and the Volkswagen were on or off the highway, or why they were in their location. Although we find nothing in the record which would prompt the trial judge to make inquiry about another accident, the following appears:

"COURT: 'May I ask you this, Mr. Locklear: Was the car that you saw—you said that the other man was lying beside a Volkswagen. Was that the car that had been in the wreck of another car?'

"WITNESS: 'That was the car in the wreck.'

"COURT: 'The car in the wreck was the Volkswagen?'

"WITNESS: 'Yes, sir.' "

State v. Deese

Immediately thereafter the following appears:

"COURT: 'The car you say the defendant got into was a Volkswagen, the one he was driving?'

"WITNESS: 'No. It was a Maverick.'

"COURT: 'Maverick. And you said the man was lying next to a Volkswagen?'

"WITNESS: 'Dexter was lying inside of his car, and the other fellow was lying up on the front of a Volkswagen.'

"COURT: 'A different car than the one that Dexter had been driving?'

"WITNESS: 'Yes, sir.'

"COURT: 'I see. All right. Thank you.' "

From this bit of testimony, an inference arises that the Ford Mustang and the Volkswagen had been involved in a collision before the defendant's Ford Maverick went out of control.

The picture of the scene as presented by the testimony and by the photographs shows defendant's severely damaged Ford Maverick resting near or against the rear of a Ford Mustang, and a Volkswagen which had been involved in an accident, sitting twenty to twenty-five feet in front of and almost perpendicular to the Ford Mustang. The defendant was lying "inside" or "beside" his car, and the deceased was lying against the right front wheel of the Volkswagen.

In the record before us, the only suggestion that the deceased may have been a passenger in defendant's Ford Maverick, or may have been a pedestrian who was struck by defendant's car, or may have been a passenger in another car which was struck by defendant's vehicle, or may have been in any way injured as a proximate result of the operation of defendant's Ford Maverick, is found in the allegations of the warrant and the bill of indictment. Obviously, these allegations have no part in making out a case against defendant.

Defendant's motion for nonsuit should have been allowed.

Reversed.

Judges PARKER and BALEY concur.